COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                              SUPERIOR COURT
                                                            C.A. NO.: 04-04253

BERNARD MACINNIS, Administrator of  )
the ESTATE OF CHRISTOPHER MACINNIS  )
    Plaintiff                       )
                                    )
v.                                  )
                                    )
WALSH BROTHERS, INC., MCNAMARA/     )
SALVIA, INC. and                    )
OCEAN STEEL & CONSTRUCTION, INC.    )
    Defendants                      )

## NOTICE OF REMOVAL

The defendant, Walsh Brothers, Inc., (hereinafter "Walsh Brothers") through its attorneys, Anthony M. Campo and Scott M. Carroll, Boyle Morrissey & Campo, P.C., pursuant to 28 U.S.C. §§1441(a) and (b) and 1446, gives notice of removal of this action from the Superior Court of the State of Massachusetts, County of Middlesex, to this Court. In support of its Notice of Removal, Walsh Brothers states as follows:

### A.  Jurisdiction

1.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and this action may be removed to this Court by Walsh Brothers pursuant to 28 U.S.C. § 1441(a) and (b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.  On or about October 26, 2004, plaintiff, Bernard MacInnis filed his complaint in the Superior Court of Massachusetts, County of Middlesex, against Walsh Brothers

alleging negligence and/or wrongful death. (The complaint is attached as Exhibit A).

3. On or about January 14, 2005, plaintiff served the Complaint on Walsh Brothers.

4. Plaintiff, MacInnis is an individual residing in Salem, New Hampshire.

5. Defendant, Walsh Brothers is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and has its principal place of business 210 Commercial Street, Boston, Massachusetts.

6. There is complete diversity of citizenship between the parties involved in this cause of action under 28 U.S.C. § 1332(a) because the plaintiff and defendant are now, and were at the time of the commencement of this action, citizens of different states.

7. The amount in controversy is reasonably believed to exceed the sum of $75,000, exclusive of interest and costs.

**B. Notice of Removal is Procedurally Correct**

1. This Notice of Removal is timely as it has been filed within 30 days of service of the Complaint on Walsh Brothers as required by 28 U.S.C. § 1446(a).

2. Walsh Brothers was served with plaintiff's Complaint through the Suffolk County Deputy Sheriff's office on January 14, 2005. (The Summons is attached as Exhibit B).

3. Removal of this action is allowable under 28 U.S.C. § 1441(a) and (b).

4. Venue is proper in the united States District Court for Massachusetts under 28 U.S.C. § 1441(a) because the District Court embraces the place in which the removed action has been pending in the Superior Court of Massachusetts, County of Middlesex.

5. Copies of all process, pleadings and orders that have been served upon Walsh Brothers are attached to this Notice as Exhibits A and B.

6. A copy of this Notice of Removal has been filed in the Superior Court of the state of Massachusetts, County of Middlesex, and served upon all counsel of record and/or directly with the parties of record.

WHEREFORE, WALSH BROTHERS, INC., requests that this action be removed to the United States District Court for Massachusetts.

Respectfully Submitted,

THE DEFENDANT,
WALSH BROTHERS, INC.,
BY ITS ATTORNEYS,

DATED: 2/3/05

Anthony M. Campo, BBO# 552093
Scott M. Carroll, BBO# 640852
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave.
Boston, MA 02111
(617) 451-2000
FAX: (617) 451-5775

\\boyle4\apps\WordDocs\Cases\5540\Pleadings\Removal.doc

# EXHIBIT A

FILED
CLERKS OFFICE

COMMONWEALTH OF MASSACHUSETTS

2005 FEB -3  P 12: 35

MIDDLESEX, SS.

SUPERIOR COURT
U.S. DISTRICT COURT
DISTRICT OF MASS. CIVIL ACTION
NO. 04-04250-J

* * * * * * * * * * * * * * * * * *

BERNARD MACINNIS, Administrator of
the ESTATE OF CHRISTOPHER MACINNIS,

Plaintiff

V.

WALSH BROTHERS, INCORPORATED,
MCNAMARA/SALVIA, INC., and
OCEAN STEEL & CONSTRUCTION, INC.,

Defendants

* * * * * * * * * * * * * * * * * *

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1. The Plaintiff, Bernard MacInnis, is a resident of Salem, New Hampshire. Mr. MacInnis is the duly-appointed Administrator of the estate of his son, Christopher MacInnis (March 22, 1972 - March 5, 2003).

2. The Defendant, Walsh Brothers, Incorporated, is a Massachusetts corporation with a principal place of business at 150 Hampshire Street, Cambridge, Middlesex County, Commonwealth of Massachusetts.

3. The Defendant, McNamara/Salvia, Inc., is a Massachusetts corporation with a principal place of business at 160 Federal Street, Boston, Suffolk County, Commonwealth of Massachusetts.

PAGE 1 OF 5

4. The Defendant, Ocean Steel & Construction, Ltd., is a non-resident corporation with a principal place of business at 406 Chelsea Drive, Saint John, NB, Canada.

5. At all times material hereto, the Defendant, Walsh Brothers, Incorporated, was the General Contractor on the construction project for the Yawkey Center for Outpatient Care at MGH, hereinafter referred to as the "Yawkey Center Project."

6. As the General Contractor on the Yawkey Center Project, the Defendant, Walsh Brothers, Incorporated, had the non-delegable duty to supervise said Project and provide for the safety of individuals working upon said Project.

7. At all times material hereto, the Defendant, McNamara/Salvia, Inc., was engaged by the Defendant, Walsh Brothers, Incorporated, to provide structural engineering expertise in the safe and successful completion of the Yawkey Center Project.

8. At all times material hereto, the Defendant, Ocean Steel & Construction, Ltd., was engaged by the Defendant, Walsh Brothers, Incorporated, to provide both materials and steel erection expertise in the safe and successful completion of the Yawkey Center Project.

9. On March 5, 2003, the Defendants negligently and/or recklessly failed to provide for the safety of the Plaintiff's Decedent, Christopher MacInnis, during the structural steel erection at the Yawkey Center Project.

10. As the direct and proximate result of the Defendants' negligence and/or recklessness, the eighth floor steel collapsed, crushing the Plaintiff's Decedent, thereby causing the Plaintiff's Decedent to sustain traumatic injury and conscious pain and suffering thereby resulting in his death.

## FIRST CAUSE OF ACTION

11.     The First Cause of Action is an action against the Defendant, Walsh Brothers, Incorporated, pursuant to G.L. c.229, §2, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in wrongful death.

## SECOND CAUSE OF ACTION

12.     The Second Cause of Action is an action against the Defendant, McNamara/Salvia, Inc., pursuant to G.L. c.229, §2, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in wrongful death.

## THIRD CAUSE OF ACTION

13.     The Third Cause of Action is an action against the Defendant, Ocean Steel & Construction, Ltd., pursuant to G.L. c.229, §2, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in wrongful death.

## FOURTH CAUSE OF ACTION

14.     The Fourth Cause of Action is an action against the Defendant, Walsh Brothers, Incorporated, pursuant to G.L. c.229, §6, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in personal injury and conscious pain and suffering.

## FIFTH CAUSE OF ACTION

15.     The Fifth Cause of Action is an action against the Defendant, McNamara/Salvia, Inc., pursuant to G.L. c.229, §6, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in personal injury and conscious pain and suffering.

## SIXTH CAUSE OF ACTION

16. The Sixth Cause of Action is an action against the Defendant, Ocean Steel & Construction, Ltd., pursuant to G.L. c.229, §6, by the Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, for negligence and/or recklessness resulting in personal injury and conscious pain and suffering.

## DEMANDS FOR RELIEF

17. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, Walsh Brothers, Incorporated, for compensatory damages in an amount that is fair, and punitive damages in an amount sufficient to punish this Defendant and deter other from similar misconduct, together with interest and costs as to the First Cause of Action.

18. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, McNamara/Salvia, Inc., for compensatory damages in an amount that is fair, and punitive damages in an amount sufficient to punish this Defendant and deter others from similar misconduct, together with interest and costs as to the Second Cause of Action.

19. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, Ocean Steel & Construction, Ltd., for compensatory damages in an amount that is fair, and punitive damages in an amount sufficient to punish this Defendant and deter others from similar misconduct, together with interest and costs as to the Third Cause of Action.

20. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, Walsh Brothers, Incorporated, for compensatory damages in an amount that is fair together with interest and costs as to the Fourth Cause of Action.

21. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, McNamara/Salvia, Inc., for compensatory damages in an amount that is fair together with interest and costs as to the Fifth Cause of Action.

22. The Plaintiff, Bernard MacInnis, as he is Administrator of the Estate of Christopher MacInnis, demands judgment against the Defendant, Ocean Steel & Construction, Ltd., for compensatory damages in an amount that is fair together with interest and costs as to the Sixth Cause of Action.

### THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

BERNARD MACINNIS, AS
ADMINISTRATOR OF THE ESTATE
OF CHRISTOPHER MACINNIS,
By his attorney,

*/s/ Paul F. Kenney*

Paul F. Kenney (BBO #268680)
Kenney & Conley, P.C.
100 Grandview Road, Suite 218
Post Office Box 9139
Braintree, Massachusetts 02184
Telephone: (781) 848-9891

Dated: October 26, 2004

# EXHIBIT B

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2004-04250-J

BERNARD MACINNIS,
Administrator of the Estate
of CHRISTOPHER MACINNIS, , Plaintiff(s)

WALSH BROTHERS, INCORPORATED,
MCNAMARA/SALVIA, INC.,
and OCEAN STEEL &
CONSTRUCTION, LTD., , Defendant(s)

## SUMMONS

To the above-named Defendant: WALSH BROTHERS, INCORPORATED
210 Commercial Street, Boston, Massachusetts

You are hereby summoned and required to serve upon ..... Paul F. Kenney, Esq.,
Kenney & Conley, P.C. ..... plaintiff's attorney, whose address is Post Office Box 9139,
Braintree, Massachusetts 02184 ....., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ..... Cambridge, Massachusetts ..... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq. at ..... Braintree, Massachusetts
the ..... Thirteenth ..... day of ..... January
..... in the year of our Lord ..... Two Thousand Five.

Edward J Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Bernard MacInnis, Administrator of the Estate of Christopher MacInnis v. Walsh Brothers, Inc., et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121
                                                                          for patent, trademark or copyright cases

   ☑ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   not applicable

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☑   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☑   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Anthony M. Campo & Scott M. Carroll
ADDRESS Boyle Morrissey & Campo, P.C., 695 Atlantic Ave, Boston, MA 02111
TELEPHONE NO. 617 451 2000

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Bernard MacInnis, Administrator of the Estate of Christopher MacInnis

**DEFENDANTS**
Walsh Brothers, Inc., McNamara/Salvia, Inc. and Ocean Steel & Construction, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kenney & Conley, P.C., 100 Grandview Rd., Suite 218, P.O. Box 9139, Braintree, MA
(781) 848-9891

Attorneys (If Known)
Anthony M. Campo & Scott M. Carroll
Boyle, Morrissey & Campo, P.C.
695 Atlantic Ave., Boston, MA
(617) 451-2000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                          | PTF | DEF |                                                | PTF | DEF |
|------------------------------------------|-----|-----|------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State                 | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                 | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☑ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332(a)
Brief description of cause: Construction Site Wrongful Death

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 2/1/05
SIGNATURE OF ATTORNEY OF RECORD: Scott Carroll

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

6. Filing Fee; and,

7. Certificate of Service.

Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact our office.

Very truly yours,

Anthony M. Campo
Scott M. Carroll

SMC/jls
Enclosures
cc: All Counsel of Record
\\boyle4\apps\WordDocs\Cases\5540\Correspondence\2005\Federal Court 2-1-05.doc